FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 8:59 am, Oct 06, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

DERYAN M. HARVEY,

        Plaintiff,

    v.

WARDEN ANNETTIA L. ASHLEY-TOBY,
et al.,

        Defendants.

CIVIL ACTION NO.: 6:20-cv-81

## O R D E R

This matter comes before the Court on Plaintiff's failure to comply with the Court's
August 18, 2020 directive and September 17, 2020 Order to either move to proceed *in forma
pauperis* or pay the requisite filing fee.  Docs. 3, 5.  For the following reasons, the Court
**DISMISSES without prejudice** Plaintiff's Complaint, doc. 1, for Plaintiff's failure to follow
this Court's directives, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the
appropriate judgment of dismissal, and **DENIES** Plaintiff leave to appeal *in forma pauperis*. [1]

### BACKGROUND

Plaintiff, who is incarcerated at Georgia State Prison in Reidsville, Georgia, brought this
42 U.S.C. § 1983 action on August 18, 2020.  Doc. 1.  Plaintiff failed to file a motion for leave to
proceed *in forma pauperis* or pay the requisite filing fee.  Thus, the Clerk of Court mailed a

---

[1]     A "district court can only dismiss an action on its own motion as long as the procedure employed
is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its
intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir.
2011) (citations and internal quotations marks omitted).  The Court's September 17, 2020 Order
constituted fair notice to Plaintiff that his suit would be subject to dismissal if he did not respond to the
Court's Order.  Doc. 5.

deficiency notice to Plaintiff at his last known address and informed him he must pay the filing

fee or move to proceed *in forma pauperis* within 21 days or face dismissal of his cause of action.

Doc. 3.  Upon Plaintiff's failure to comply with that directive, the Court issued an Order on

September 17, 2020, directing Plaintiff to either move to proceed *in forma pauperis* or pay the

filing fee within 14 days.  Doc. 5.  On September 17, 2020, the Clerk of Court mailed a copy of

the Court's Order to Plaintiff at his last known address, and the Order was not returned to the

Court as undeliverable or as otherwise failing to reach Plaintiff.  However, Plaintiff has not

complied with that Order, and his time to do so has expired.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this

Court's Orders and failure to prosecute.  For the reasons set forth below, I **DISMISS** Plaintiff's

Complaint **without prejudice** and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## I.     Dismissal for Failure to Follow This Court's Orders and Failure to Prosecute

A district court may dismiss claims sua sponte pursuant to either Federal Rule of Civil

Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R.

Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir.

2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).

"A district court may *sua sponte* dismiss an action under [Rule] 41(b) for failing to comply with

a court order."  Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014); see also

Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir.

2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action

for failure to comply with the Rules or any court order."); Coleman, 433 F. App'x at 718; Brown

v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an

action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."
(citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to
counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on
w]illful disobedience or neglect of any order of the Court[.]")

A district court's "power to dismiss an action is an inherent aspect of its authority to
enforce its orders and ensure prompt disposition of lawsuits." Brown, 205 F. App'x at 802
(quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).  It is true that dismissal with
prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and
requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and
(2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v.
Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz
v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir.
1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62
F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an
adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing
claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719;
Brown, 205 F. App'x at 802–03.  Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard
of an order, especially where the litigant has been forewarned, generally is not an abuse of
discretion.'" Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th
Cir. 1989)).[2]

---

[2]      In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even
without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the
Court advised Plaintiff that his failure to abide by this Court's directives could result in the dismissal of
his Complaint.  Doc. 3; Doc. 5 at 2.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Plaintiff having failed to pay the requisite filing fee or move to proceed *in forma pauperis*, the Court is unable to move forward with this case, as it cannot collect the required statutory fees.  See 28 U.S.C. §§ 1914, 1915.  Plaintiff was given ample time to follow the Court's directives, and Plaintiff has not made any effort to do so or to inform the Court as to why he cannot comply with its directives.  Thus, I **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to failure to follow this Court's Order and failure to prosecute and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, the Court **DISMISSES** this action **without prejudice**, **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 6th day of October, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA